# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 21, 2009

138238 & (12)(13)

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

DAVID HENRY JOHNSON,
          Defendant-Appellant.

SC: 138238
COA: 288460
Tuscola CC: 05-009572-FC;
05-009577-FH

_____/

On order of the Court, the application for leave to appeal the December 1, 2008 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Tuscola Circuit Court for the appointment of appellate counsel. *Halbert v Michigan*, 545 US 605; 125 S Ct 2582; 162 L Ed 2d 552 (2005). The circuit court shall initially determine whether former counsel can still represent the defendant. The circuit court shall direct the court reporter to prepare and file that portion of the February 7, 2006 trial transcript that contains the factual basis for the defendant's plea in Case No. 05-009572-FC. Appointed counsel may file an application for leave to appeal to the Court of Appeals, and/or any appropriate postconviction motions in the trial court, in accordance with MCR 7.205(F), except that the time for filing shall be determined based on the date of the circuit court's order appointing counsel. Because the defendant was sentenced and should have been appointed counsel, after January 1, 2006, counsel shall have six months from the date of the filing of the transcript to file any post-conviction motions.

In the course of accepting the defendant's *nolo contendere* plea, the trial judge added a term not agreed to by the parties. In advising the defendant of the trial rights that he would be waiving by pleading no contest, the trial judge asked the defendant if he understood that by pleading no contest he would be giving up the rights to seek an appeal to the Court of Appeals, to receive a free transcript, and to court-appointed counsel to perfect an appeal. The inquiry was not preceded by any statement that the defendant had the right to court-appointed appellate counsel under *Halbert* or under the then recently amended court rules. When asked by the trial judge whether he understood and agreed to

this waiver, the defendant indicated that he did. At the time of the defendant's plea and sentence, he was entitled to those appellate rights. See *Halbert v Michigan*, *supra*, and MCR 6.425(F) and (G). After twice denying the defendant's subsequent requests for the appointment of appellate counsel, the trial judge filed an order granting the appointment over two years after sentence was imposed. This delay in appointing counsel prevented the defendant from filing any timely, appropriate postconviction motions and thereby preserving any substantive issues. The motions for stay or peremptory reversal and to take judicial notice are DENIED as moot.

We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 21, 2009

_____
Clerk

s1014